**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| **HOLDINGS MANAGEMENT CO.,** | | |
| ***Debtor*** | * | **Case No. 23-11233-NVA** |
| | | **Chapter 11 – Subchapter V** |
| ***and*** | * | |
| | * | |
| **In re:** | * | **Case No. 23-11234-NVA** |
| **H.M.C., INC.,** | | **Chapter 11 – Subchapter V** |
| ***Debtor*** | * | *Jointly Administered under 23-11233* |

* * * * * * * * * * *

**OBJECTION TO PROPOSED PLAN AND**
**MOTION TO DISMISS OR CONVERT TO CHAPTER 7**

The United States of America (the "United States"), on behalf of the Department of Treasury, Internal Revenue Service (the "IRS"), through its counsel, Erek L. Barron, United States Attorney for the District of Maryland, and Ariana Wright Arnold, Assistant United States Attorney for that district, files this *Objection to Plan, and Motion to Dismiss or Convert Case to Chapter 7*.

1. Holdings Management Co., and H.M.C., Inc. (the "Debtors") commenced two separate Chapter 11 proceedings by filing voluntary petitions for relief under 11 U.S.C. §§ 1101 *et seq*. (the "Bankruptcy Code"), on February 23, 2023. See ECF 1 in 23-11233, and 23-11234.

2. The IRS is a party-in-interest as a creditor. On March 15, 2023, the IRS filed a Proof of Claim in 23-11233, Claim No. 6-1, asserting a $583,100.00 claim, based on estimated taxes owed and unpaid.

3. On March 14, 2023, the IRS filed a Proof of Claim in 23-11234, Claim No. 4-1, asserting a secured claim of $53,813.14, and unsecured claim of $615,337.08, based on taxes owed and unpaid. An Amended Proof of Claim was filed in 23-11234 on July 27, 2023, (Claim 4-2),

with an updated total of $683,347.16, of which $53,813.14 is secured, and $629,534.02 is unsecured.

4. The IRS asserts is entitled to priority for its claims in both cases under section 507(a)(8) of the Bankruptcy Code. No objections to the IRS' Claims were filed.

5. On July 24, 2023, the Debtor filed a proposed *Chapter 11 Plan Small Business Subchapter V on behalf of both H.M.C., Inc., and Holdings Management Company*. See ECF 144, Case 23-11233. The plan has not yet been approved.

6. The debtors propose to pay $20,000.00 quarterly to the Chapter 11 trustee for payments for priority, secured and administrative claims. Per their filing, an estimated effective date of 10/2023 would indicate that 18 payments of $20,000.00 would amount to $360,000.00. However, even if 100% of those payments were paid to the IRS, that amount falls far short of the priority claim amounts owed to the IRS, which total an estimated $882,525.00 priority, of which $53,813.14 is secured. As such, the proposed plan would *never* fully pay the liability to the IRS. Further, according to the debtors' filings, they claim that the secured portion is in dispute, and that disputed amounts will not be paid until a final non-appealable order, which could defer payment of the secured debt for well-more than five years.

7. By way of OBJECTION to the proposed plan, the IRS notes that under 11 U.S.C. § 1129(a)(9)(C), priority tax claims must be paid within five years of the petition date. Here, the IRS has not agreed to accept less than the amount of the estimated claims, and the proposed plan does not provide for the full payment of the IRS's priority claim within five years, and therefore cannot be confirmed. *Id*.

8. IRS records also reflect that at the time the IRS filed its claims, the debtors had not filed several years' worth of Forms 940 (Federal Unemployment Tax) and 941 (Quarterly Federal Tax Return) and owed more than $880,000 in estimated unpaid taxes. Since filing these petitions,

some of the missing 941 Quarterly returns have been filed, but debtors are not up to date on their required filings, and have made no payments to the IRS. As such, debtors have a clear history and pattern of non-compliance with their obligations to the IRS.

9. Section 1112(b) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause …." "[A]bsent special circumstances, if a creditor establishes cause, it is mandatory that the Court dismiss the case, convert it to Chapter 7, or appoint a trustee or examiner." *In re Skeen, Goldman LLP*, No. 07-10535, 2007 WL 4556683, at *3 (D. Md. Dec. 20, 2007). The term "cause" includes the failure timely to pay taxes owed. § 1112(b)(4)(I), and is cause for conversion or dismissal. *See In re Lifeline, Inc.,* Case No. 12-24222-PM, 2013 WL 2354086, at *1 (Bankr. D. Md. May 29, 2013), citing *In re Moore Construction, Inc.,* 206 B.R. 436, 438 (BC N.D.Tex. 1997); *In re Berryhill,* 189 B.R. 463, 465–466 (N.D.Ind. 1995).

10. Here, the debtors' failure to file all of their required pre- and post-petition tax returns provides more than sufficient cause for the Court to convert this to a Chapter 7 proceeding.

**WHEREFORE**, the IRS requests that the Court:

1. Deny the confirmation of the proposed Plan, or in the alternative, order the Debtors to amend or modify the Plan to remedy the IRS's objections herein; or

2. Dismiss or convert this case to a Chapter 7 proceeding due to the failure of the Debtors comply with their tax obligations before, and since filing the Petition; and

3. Grant such other and further relief as the Court deems proper.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: ______/s/________________________
Ariana Wright Arnold
DMD Bar No. 23000
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
(410) 209-4813
Ariana.Arnold@usdoj.gov

*Counsel for the United States of America, on behalf of the IRS*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October, 2020, I reviewed the Court's CM/ECF system and it reports that a true and correct electronic copy of the *Objection and Motion to Dismiss or Convert to Chapter 7* will be served electronically by the Court's CM/ECF system on the following:

**Notice Parties:**
 Debtors c/o Joseph Michael Selba, Tydings & Rosenberg, JSelba@tydingslaw.com
 Sandy Spring Bank, c/o Michael Nord, Esq., mnord@gebsmith.com
 Howard County Economic Dev. Authority, c/o Kristen Perry, Esq., kperry@howardcountymd.gov
 State Employees Credit Union of Maryland, Inc., c/o Marc Schach, Esq., mes@cooncolelaw.com
 Great Midwest Insurance Company, c/o Eric Korphage, Esq., Korphagee@whiteandwilliams.com
 Holder Construction Group, LLC, c/o Justin P. Fasano, Esq., jfasano@mhlawyers.com
 CDS Business Services, Inc., c/o Todd P. Forster, Esq., tforster@futrovsky.com
 Grunley Construction Company, Inc., c/o Amy E. Garber, Esq., agarber@bradley.com
 BMT Capital Group, Inc., c/o Alan C. Hochheiser, Esq., ahochheiser@mauricewutscher.com
 Wohlsen Construction Company, c/o Richard E. Hagerty, Esq., richard.hagerty@troutman.com
 Turner Construction Company, c/o John T. Farnum, Esq., jfarnum@milesstockbridge.com
 Newtek Small Business Finance, LLC, c/o Thomas J. Kokolis, Esq., tkokolis@pskfirm.com
 BDC Oakland Mills, LLC, c/o Jeffrey M. Orenstein, Esq., jorenstein@wolawgroup.com
 American Express National Bank, c/o Craig B. Rule, Esq., crule@zwickerpc.com
 Mitsubishi HC Capital America, Inc., c/o Jacob C Cohn, Esq., jcohn@grsm.com
 DCT Bollman MD LLC, c/o Jonathan Harold Todt, Esq., jonathan.todt@faegredrinker.com
 Johnson-Lancaster and Associates, Inc., c/o C. Edward Hartman, Esq., ed@hartman.law
 Katherine Levin, Office of the Trustee, katherine.a.levin@usdoj.gov
 Monique Almy, *Subchapter V Trustee*, MAlmy@crowell.com

/s/
Ariana Wright Arnold
Assistant United States Attorney

I hereby further certify that, on Monday October 23, 2023, I caused the foregoing Objection and *Motion for Conversion*, to be served by first class mail, postage paid upon:

| | | |
|---|---|---|
| L.H. Woodworking, LLC<br>3 Chestnut Court<br>Owings Mills, MD 21117 | Levelset Capital<br>1121 Josephine Street<br>New Orleans, LA 70130 | Internal Revenue Service<br>Centralized Insolvency Op.<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 |
| Johnson-Lancaster and Assocs.<br>13031 US 19 N<br>Clearwater, FL 33764 | Billd Exchange, LLC<br>2700 W. Anderson Ln, #206<br>Austin, TX 78757 | Wenger Corporation<br>555 Park Drive<br>Owatonna, MN 55060 |
| CapitalPlus Supply Chain, LLC<br>2510 Solway Road<br>Knoxville, TN 37931 | DCT Bollman MD LLC<br>c/o Prologis Management, LLC<br>6711 Columbia Gateway, #130<br>Columbia, MD 21046 | Rich Moe Enterprises, LLC<br>15875 Commerce Court Upper<br>Marlboro, MD 20774 |
| Mace Enterprises, L.L.C.<br>6650 Santa Barbara Rd, Suite 1<br>Elkridge, MD 21075 | Capital Assist, LLC<br>323 Sunny Isles Bvld., #503 Miami<br>Beach, FL 33154 | Comptroller of Maryland<br>Compliance Division<br>301 W. Preston St., #409<br>Baltimore, MD 21201 |
| PetraFab, Inc.<br>2903 Whittington Ave., Ste K<br>Baltimore, MD 21230 | Matthews, Terry<br>406 Trimblefields Dr<br>Edgewood, MD 21040 | Wurth Wood Group<br>6660 Santa Barbara Road<br>Elkridge, MD 21075 |
| DK Finishing<br>44098 Mercure Circle, Ste. 101<br>Sterling, VA 20166 | Spacesaver Interiors<br>10800 Connecticut Avenue<br>Kensington, MD 20895 | Maraly Construction Co.<br>13301 Parkland Drive<br>Rockville, MD 20853 |
| Chesapeake Woodworking, Inc.<br>125 N. Kresson Street<br>Baltimore, MD 21224 | O'Malley Wood Products<br>465 Upper Bermudian Road<br>Gardners, PA 17324 | Holdings Management Co.<br>1301 York Rd., Suite 800<br>Lutherville, MD 2109 |

/s/
Ariana Wright Arnold
Assistant United States Attorney